UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PYOTR ARBUZOV,
A# 070-226-240
    Petitioner,

v.

ERIC HOLDER, ET AL.,
    Respondents.

CIVIL ACTION
NO. 12-11807-DPW

MEMORANDUM AND ORDER
October 1, 2012

WOODLOCK, D.J.

On September 28, 2012, petitioner Pytor Arbuzov, an immigration detainee at the Plymouth County Correctional Facility ("PCCF") in Plymouth, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee.  The petition names as respondents United States Attorney General Eric Holder, and PCCF Superintendent Joseph D. McDonald, Jr.[1]

Mr. Arbuzov challenges his continued detention and seeks immediate release on the grounds that his continued detention is in violation of his due process rights as articulated by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[2]

---

[1] Joseph D. McDonald, Jr. is actually the Sheriff of the Plymouth County Sheriff's Department and Correctional Facility. Brian Gillen is the Superintendent.

[2] 3While Mr. Arbuzov does not explicitly reference the Zadvydas decision in his petition, I infer from the petition that he is seeking relief under *Zadvydas* because he alleges that his removal is not reasonably foreseeable and he references 8 C.F.R.

Specifically, he claims that he was ordered deported to Russia on January 12, 2010, and he waived his rights to appeal.[3] He asserts that the Russian government does not have documents confirming his Russian citizenship, and therefore it is unlikely that Immigration and Customs Enforcement officials will have the necessary travel documents to be able to deport him in the reasonably foreseeable future.  He contends he is eligible for release pursuant to 8 C.F.R. § 241.4 because he is not a risk to public safety or a flight risk.

This is Mr. Arbuzov's second attempt at habeas relief.  He filed a virtually identical § 2241 habeas petition in 2010.  *See Arbuzov v. Holder, et al.*, Civil Action No. 10-10730-RGS.  On May 5, 2010, Judge Stearns dismissed that petition because the removal period under 8 U.S.C. § 1231(a)(1)(2) had not expired.  *See* Memorandum and Order (Docket No. 3 at 4).

Upon review of the § 2241 petition, it is hereby Ordered that:

1. PCCF Superintendent Brian Gillen shall be deemed the sole respondent in this action, as he is the proper respondent, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); Attorney General Holder and Sheriff Joseph D. McDonald Jr. shall be terminated from this action and the Clerk shall correct the docket accordingly;

---

§ 241.4, which concerns the continued detention of aliens held under § 1231(a)(6).

[3]Presumably, the order of removal became final on February 12, 2010, after the appeal period had expired.

2.     The Clerk of this Court shall serve a copy of the petition upon (i) Superintendent Brian Gillen, 26 Long Pond Road, Plymouth, MA 02360; and (ii) the United States Attorney for the District of Massachusetts;

3.     The respondent shall, within 21 days of receipt of this Memorandum and Order, file an answer or other responsive pleading; and

4.     The respondent shall provide the Court with at least 48 hours advance notice of any scheduled removal of petitioner, and any scheduled transfer of the petitioner out of the jurisdiction.

SO ORDERED.

                                               /s/ Douglas P. Woodlock
                                               DOUGLAS P. WOODLOCK
                                               UNITED STATES DISTRICT JUDGE